**Dean MARTIN et al., Plaintiffs,**

v.

**LIVINGSTONE SECURITIES
CORPORATION
and
M. Eli Livingstone and Samuel Livingstone, d/b/a Livingstone &
Company.**

**Civ. A. No. 60-354.**

United States District Court
D. Massachusetts.
March 31, 1961.

John R. Hally, Nutter, McClennan & Fish, Boston, Mass., for plaintiffs.

Melvin Newman, Brookline, Mass., for defendant.

CAFFREY, District Judge.

This is an action of contract. Jurisdiction of this court is invoked upon the basis of diversity of citizenship. The original complaint was filed on May 24, 1960, and on June 14, 1960 the plaintiffs filed an amended complaint. The complaint as amended requests relief in the form of specific performance or, alternatively, money damages, for breach of a contract to buy government bonds for the plaintiffs' accounts at an agreed price.

On June 2, 1960, the defendant Samuel Livingstone filed a motion to dismiss on the ground that he is not and never has been a partner in the firm of Livingstone & Company; that Livingstone & Company is owned and operated by M. Eli Livingstone, personally; and that he has never had any business dealings with or entered into any contracts with one or more of the plaintiffs in the instant action, but has at all times acted merely as an employee of Livingstone Securities Corporation.

On June 20, 1960, each defendant filed a motion to dismiss directed to the amended complaint of the plaintiffs. Each of these June 20 motions was based on the following grounds:

(1) failure of the complaint to state a valid and enforceable written contract within the provisions of Mass. General Laws, C. 106, sec. 8–319(a);

(2) an allegation that portions of the amended complaint were too vague, indefinite, and uncertain to be answered;

(3) a claim that the complaint was indefinite as to whether each plaintiff made one or more contracts with defendants;

(4) failure of the complaint to set forth a cause of action.

■ With respect to the Statute of Frauds, it appears that in paragraph 6 of the amended complaint, the plaintiffs allege payment of the amounts allegedly agreed to be paid on account of margin, commission, accrued interest and prepaid interest. In the same paragraph, plaintiffs also allege receipt of written notices from the defendants of confirmation of sales. These allegations are sufficient to meet the Statute of Frauds.

■ With respect to the allegation that portions of the complaint are vague, indefinite, and uncertain in the various portions recited in the motions, suffice it to say that indefiniteness, uncertainty, or vagueness of a complaint are not included among the six specific bases for a motion to dismiss set out in Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

With regard to the third ground stated in the motions, it is to be noted that this ground, likewise, is not included in Rule 12(b) as a proper basis for the granting of a motion to dismiss.

The fourth ground, namely, that the complaint fails to set forth a cause of action, finds no support in the complaint, which sets out an action of contract clearly and distinctly.

The three motions to dismiss filed on June 20, 1960 are denied.

The motion to dismiss filed on June 2, 1960 by Samuel Livingstone is denied without prejudice to its renewal at the conclusion of all pretrial discovery.